UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

KORTNEY LEE ELZEY, CHOICE
CONTRACTORS, LLC, and
HUNTINGTON GENERAL
CONTRACTORS,

Plaintiffs,

v.

CAUSE NO. 1:24-CV-317-DRL-SJF

HUNTINGON COUNTY SHERIFF
DEPARTMENT, CHRIS NEWTON, 24/7
TOWING, LLC, and UNKNOWN
DEPUTIES,

Defendants.

OPINION AND ORDER

This case was removed from state court. ECF 1. It was filed there by three Indiana business entities: Choice Contractors, LLC, "a limited liability company," ECF 5 at ¶ 6; Huntington General Contractors, which "is owned and under operational agreement by Choice Contractors, LLC," *id*. at ¶ 7; and Kortney Elzey which "is a limited liability company." *Id*. at 8. The plaintiffs also submitted several other filings. ECF 6, 7, 8, 13, 15, 16, 17, and 18. None were signed by an attorney. All were signed by Kortney Elzey, a prisoner at the Huntington County Jail. ECF 5 at 12. The complaint says Mr. Elzey "is the controlling manager (Chief Executive Officer)" of Choice Contractors and Huntington General Contractors. *Id*. at ¶ 6 and 7. Mr. Elzey is not an attorney.

In a prior order, the court alerted the plaintiffs that,

> a corporation . . . is legally incapable of appearing in court unless represented by counsel — "corporations must appear by counsel or not at all." *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985); accord, *United States v. Hagerman*, 549 F.3d 536, 537 (7th Cir. 2008) (extending rule to limited liability companies).

> *Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 857-58 (7th Cir. 2011).

ECF 21 at 2. It granted the three business entities until August 26, 2024 to file attorney-signed copies of their filings as required by Federal Rule of Civil Procedure 11(a). *Id.*

In response, Kortney Lee Elzey, a prisoner at the Huntington County Jail, filed a motion asking to sever the state court claims and remand them to the state Court. ECF 23. The motion purports to be filed on behalf of the plaintiffs, but Mr. Elzey is not an attorney and cannot represent the plaintiffs. Under Federal Rule of Civil Procedure 11(a), "[t]he court must strike an unsigned paper unless the omission is promptly corrected[.]"

The plaintiffs, three business entities, were alerted that they needed to have their filings signed by an attorney, but they did not respond. The deadline has passed, and the unsigned filings will be stricken. The plaintiffs were cautioned if they did not respond by the deadline, this case would be dismissed without further notice. They did not respond, and this case will be dismissed because without a signed complaint, it cannot proceed.

For these reasons, the court STRIKES ECF 5, 6, 7, 8, 13, 15, 16, 17, and 18; and DISMISSSES this case WITHOUT PREJUDICE.

SO ORDERED.

August 30, 2024                          *s/ Damon R. Leichty*
                                         Judge, United States District Court